<div style="margin-left">SUCCESSION OF<br>HUGHES.</div>

There appears to have been no litigation with third persons, except a suit against *Cory*, for which the attorney is allowed ten dollars. The litigation between the heirs as to their respective rights, does not become a general charge against the succession.

In the services, which we have enumerated. there does not appear to have been any matters difficult of solution or require much labor or professional skill.

It does not appear to us that more than seven hundred and fifty' dollars ought to be allowed for all the services rendered by the attorney, and this seems to us a liberal and ample compensation.

The will of the deceased gave the disposable portion to the executor. He is not, therefore, entitled to charge commission as executor. C. C. 1679. But it is said the opposition does not make this issue, and, therefore, it cannot be considered.

The opposition contains a prayer for general relief, and the proof which appears to have been received without objection, shows that the executor is not entitled to charge this sum. Judgment may be rendered upon the proof.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be amended, by reducing upon the tableau the amount allowed *George L. Bright, Esq.*, as attorney's fees, $2,500, to $750 ; and that the right be reserved the said *Hughes, Valette & Co.*, to claim in any future proceeding, or by suit, all other items of their account, except for the sum of $181 70, allowed them ; and that such judgment, so amended, be affirmed ; the appellees, *R. L. Hughes* and *City of New Orleans*, paying the costs of the appeal.

---

## W. B. ROBERTSON & BROTHERS *v.* LAFAYETTE CALDWELL, Commissioner Second Swamp Land District.

Since the Act of the Legislature of 1858, ordering back into the treasury all funds in the hands of Swamp Land Commissioners, proprietors whose levees have caved in or have been destroyed by the action of the current of the river, cannot require the Commissioner to proceed under the 10th section of the Act of the Legislature of the 16th of March, 1854, to construct said levees without a special appropriation by the Legislature for that purpose.

The general appropriation to the Swamp Land Board, by the Act of the Legislature of 20th of March, 1856, is in contravention of the 94th Article of the Constitution, which declares, " that no money shall be drawn from the Treasury, but in pursuance of a specific appropriation made by law, *nor shall any appropriation of money be made for a longer term than two years.*"

APPEAL from the Sixth District Court of West Baton Rouge, *Beale, J.* *Barrow & Pope*, for plaintiffs and appellants. *J. H. New*, for defendant.

MERRICK, C. J. This suit is instituted against the Second Swamp Land Commissioner, to compel him, by the writ of *mandamus*, to build the levee on the plantation of plaintiffs in the parish of West Baton Rouge, under the provisions of the tenth section of the Act of the Legislature, approved 16th of March, 1854. Acts of 1854, p. 94.

The District Judge having dismissed the proceeding, plaintiffs have appealed.

The Act under which plaintiffs' claim relief, is an amendment of an Act approved 3d of April, 1853, to reclaim the swamp and overflowed lands donated the State by Act of Congress of 2d of March, 1849.

The tenth section of the Act of 1854, relied on, makes it the duty of the Engi-

neers in their respective districts, to determine the locality, extent and dimensions of the necessary levees and drains; to drain and reclaim the swamp and overflowed lands; and another clause authorizes the proprietor whose levee has caved in or been destroyed by the action of the current, on the report of three freeholders, who express the opinion that the levee ought to be renewed or repaired by the Swamp Land Commissioners, to notify the Commissioner of the Swamp Land District of the same; and thereupon it is made the duty of such Commissioner to send his Engineer and have the levee constructed.

The last general appropriation to the Swamp Land Board, was made by Act of 20th of March, 1856. Acts of 1856, p. 214, No. 99.

In 1858, the Legislature ordered back into the treasury, all funds in the hands of the Swamp Land Commissioners. See Act, approved 18th of March, 1858, p. 210.

Since this period, the Legislature has made special appropriations for particular works, but none for the work in question.

This suit was not commenced until the 8th of October, 1858, and hence the Legislature had not only withdrawn the fund from the control of the Commissioners, but the 94th Article of the Constitution had taken effect upon the appropriation of 1856. The Article declares, that no money shall be drawn from the treasury but in pursuance of a specific appropriation made by law, *nor shall any appropriation of money be made for a longer term than two years.*

There was, therefore, no error in the judgment of the lower court in refusing plaintiff's demand for want of an appropriation.

Judgment affirmed.

COLE, J., took no part in this case.